FARMERS HOME ADMINISTRATION NOTES Under the provisions of Article XI, Section 6 of the Oklahoma Constitution and 64 O.S. 51 [64-51] (1971), Farmers Home Administration Notes and Export-Import Bank Debentures are included within the meaning of the term "United States bonds", and the Commissioners of the Land Office may exchange United States Treasury bonds, in which they have invested, for Farmers Home Administration Notes and Export-Import Bank Debentures having the same maturity value and higher annual yield. The Attorney General has considered your request for an opinion wherein you ask the following question: "1. May the Commissioners of the Land Office trade U.S. Treasury Bonds for Farmers Home Administration Notes and Export-Import Bank Debentures with the same maturity value and a higher annual yield?" The Commissioners of the Land Office is a constitutional body established pursuant to Article VI, Section 32 of the Oklahoma Constitution. Section Article VI, Section 32 provides: "The Governor, Secretary of State, State Auditor, Superintendent of Public Instruction, and the President of the Board of Agriculture, shall constitute the Commissioners of the Land Office, who shall have charge of the sale, rental, disposal, and managing of the school lands and other public lands of the State, and of the funds and proceeds derived therefrom, under rules and regulations prescribed by the Legislature." The Oklahoma Constitution further provides in Article XI, Section 6 for the "Investment of permanent common school and other educational funds". That section provides for the investment of the funds administered by the Commissioners of the Land Office and provides in part: "The permanent common school and other educational funds shall be invested in first mortgages upon good and improved farm lands within the state (and in no case shall more than fifty per centum (50%) of the reasonable valuation of the lands without improvements be loaned on any tract), Oklahoma State bonds, county bonds of the counties of Oklahoma, school district bonds of the school districts of Oklahoma, promissory notes evidencing federal and state insured loans made to students under any federal or State of Oklahoma insured student loan program, and United States bonds, preference to be given to the securities in the order named. The said funds may also be invested in deposits in banks or trust companies in Oklahoma to the extent such deposit is insured by the Federal Deposit Insurance Corporation." (Emphasis added) Title 64 O.S. 51 [64-51] (1971), also specifies the above listed uses for the funds administered by the Commissioners of the Land Office and additionally requires that any proposed investment be approved by the Attorney General of the State of Oklahoma. In determining whether Farmers Home Administration Notes and Export-Import Bank Debentures can be invested by the Commissioners of the Land Office, we must ascertain the meaning of the term "United States bonds" in Article XI, Section 6 of the Oklahoma Constitution. This term has been defined in various Attorney General Opinions as including United States Savings Bonds, United States Treasury Savings Notes, United States Treasury Bills, and Treasury Notes. In a May 18, 1946, Opinion to the Commissioners of the Land Office approving their investment in United States Treasury Savings Notes, Series C, the Attorney General construed the term "United States bonds". In holding that all written obligations, including notes, due bills, or any other evidence of indebtedness have come to be essentially known as "bonds", the Attorney General stated that a "bond", which is a written instrument indicating a promise by the maker to pay to bearer or to a person named or designated, or to his order, a named sum of money, usually with interest at a named rate, at a fixed or determinable future time, refers to evidence of indebtedness issued by the United States, a State, or a governmental subdivision thereof. The nature and character of the indebtedness determines whether or not the indebtedness is an obligation constituting a "bond". In Attorney General Opinion 72-109 to the Oklahoma Industrial Finance Authority, the Attorney General construed the term "Oklahoma State bonds" found in ArticleXI, Section 6 of the Oklahoma Constitution to include bonds issued by the Oklahoma Industrial Finance Authority, and, therefore, capable of being invested in by the Commissioners of the Land Office. While bonds issued by the Authority are not direct obligations of the State of Oklahoma, the Attorney General held that pledging of the full faith and credit of the State of Oklahoma behind such bonds was sufficient to create an obligation on behalf of the State of Oklahoma. From the above, it is clear that the creation of an obligation of the United States Government by placing the full faith and credit of the United States behind such indebtedness constitutes a "United States bond" under Article XI, Section 6 of the Oklahoma Constitution. In your letter you relate that Farmers Home Administration Notes are notes evidencing loans in rural areas for farms, homes and community facilities, and that said notes are made available to private investors with the principal and interest being fully insured by the Government. You further state that said notes are secured by the full faith and credit of the United States and are acceptable security for deposits of public moneys such as Treasury tax and loan accounts, and are eligible collateral for advances not exceeding 90 days within the meaning of Paragraph 8, Section 13 of the Federal Reserve Act. You state that Export-Import Bank Debentures are issued by a five-man Board of Directors appointed by the President of the United States for the purpose of assisting exports by extending loans, guarantees, and credit insurance and are backed by the full faith and credit of the United States. Debentures are eligible as security for public moneys of the United States Government under Treasury Department Circular No. 176; are eligible as collateral for Treasury tax and loan accounts under Treasury Department Circular No. 92; are eligible as security for advances by the Federal Reserve Banks to member banks under Section 13 of the Federal Reserve Act; and are eligible for purchase by Federal Reserve Banks under Section 14(b) of that Act. From the facts you set out it is evident that both Farmers Home Administration Notes and Export-Import Bank Debentures, being backed by the full faith and credit of the United States, are obligations of the United States and constitute United States bonds under Article XI, Section6 of the Oklahoma Constitution. The authority of the Commissioners of the Land Office to sell invested securities in order to buy like securities and secure a net profit was established in a January 29, 1944, Attorney General Opinion to the Commissioners of the Land Office. In that Opinion the Attorney General construed Article VI, Section 32 of the Oklahoma Constitution, above, and held: "In view of the foregoing we are constrained to the belief that since the Legislature has not restricted or prohibited the sale of the invested securities, we believe the power granted by Article VI, Section 32 of the Constitution, supra, to manage the Fund implies the power to sell the securities held as investments where the Commissioners find that the sale of any such securities will result in a profit and a gain to the Trust Fund and will be for the best interest thereof where the proceeds of the sale may be reinvested in like bonds and will result in a net profit and gain over the period of which the original investment extended." You relate in your request that the Commissioners desire to trade United States Treasury bonds for Farmers Home Administration Notes and Export-Import Bank Debentures with the same maturity value and a higher annual yield. Since the Commissioners have the authority to sell invested securities and reinvest the proceeds in like securities, said authority would necessarily encompass the trading of invested securities for like securities. The authority to trade invested securities for like securities is not without restriction. Article XI, Section 2 of the Oklahoma Constitution makes provision for the use of the Trust Fund and provides, in pertinent part: ". . . The principal shall be deemed a trust fund held by the State, and shall forever remain inviolate. It may be increased, but shall never be diminished. The State shall reimburse said permanent school fund for all losses thereof which may in any manner occur, and no portion of said fund shall be diverted for any other use or purpose." The effect of this provision is to restrict the Commissioners from trading for like securities that would result in a loss to the principal of the security thus effectuating a loss to the corpus of the Trust. Since the Commissioners wish to trade for securities that will result in a higher annual yield with the same maturity value, the restrictions of Section 2 would not be violated. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Under the provisions of Article XI, Section 6 of the Oklahoma Constitution and 64 O.S. 51 [64-51] (1971), Farmers Home Administration Notes and Export-Import Bank Debentures are included within the meaning of the term "United States bonds", and the Commissioners of the Land Office may exchange United States Treasury bonds, in which they have invested, for Farmers Home Administration Notes and Export-Import Bank Debentures having the same maturity value and higher annual yield. (Mike D. Martin) ** SEE: OPINION NO. 73-309 (1974) ** ** SEE: OPINION NO. 73-312 (1974) ** ** SEE: OPINION NO. 73-317 (1974) **